UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH THOMAS CARTER,

    Plaintiff,

v.                                    Case No: 8:17-cv-462-T-36AAS

JOHN KOSKINEN, P. A. BELTON,
CHERYL CORDERO and UNITED
STATES OF AMERICA,

    Defendants.
_____/

## **O R D E R**

This matter comes before the Court upon the Plaintiff's Motion for Sanctions (Doc. 13), filed on March 23, 2017, and Defendants' response in opposition (Doc. 14), filed on March 24, 2017. In the Motion, Plaintiff states that Defendants' Motion to Substitute Defendant and Dismiss with Supporting Memorandum (Doc. 6) is a frivolous filing containing false allegations and misinformation, and that the attorneys who filed it are subject to sanctions. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Sanctions against the attorneys for the United States.

**Discussion**

Plaintiff named three employees of the Internal Revenue Service in his Complaint to Show Cause for Claim of Lien and to Discharge by Cancellation, which he filed in state court. Doc. 8-1. The United States subsequently removed the action (Doc. 1) and filed Defendants' Motion to Substitute Defendant and Dismiss with Supporting Memorandum (Doc. 6), seeking to be

substituted for Defendants because they were sued in their official capacities as employees and officers of the IRS for actions committed within the scope of their employment.[1]

In Plaintiff's Motion for Sanctions, he argues that Defendants' Motion contains lies, false allegations, and misinformation, and that the attorneys for the United States committed fraud on this Court, because it is clear from his Complaint that he sued Defendants in their personal and individual capacities, and not in their official capacities. Doc. 13. Plaintiff further argues that Defendants' Motion is frivolous because the attorneys for the United States should have known that the IRS is not part of the federal government, the United States is not a proper party to this action and lacks standing, and this Court lacks subject matter jurisdiction. *Id.* The United States contends that Defendants' Motion is not frivolous, and that it has successfully advanced the same arguments in prior cases. Doc. 14.

Defendants' Motion is not frivolous or deceptive. It is not apparent from the Complaint that it is directed towards Defendants in their individual capacities. For example, in the Complaint, although Plaintiff alleges that Defendants "acted beyond the scope of authority of an officer of the United States" in filing the federal tax lien, he also alleges that Defendants acted "as agents for the INTERNAL REVENUE SERVICE." Doc. 8-1. Accordingly, the assertion by the United States that this is an action against IRS employees in their official capacity is not misinformation or deception, and there is legal support for substitution of the United States as the proper party in such circumstances. *Delveccio v. Smith*, 558 F. Supp. 2d 1243, 1245 (S.D. Fla. 2008) (citing *Rosado v. Curtis*, 885 F. Supp. 1538, 1542 (M.D. Fal. 1995), *aff'd* 84 F.3d 437 (11th Cir. 1996)). As to this Court's jurisdiction, the law permits removal of an action against the United States or

---

[1] Defendants' Motion also seeks dismissal of this action, but there is no indication in Plaintiff's Motion for Sanctions that sanctions are sought on this basis. The merits of Defendants' Motion will be addressed by separate order.

officers of the United States, whether filed against them in an official or individual capacity, based on "or relating to any act under color of such office . . . ." 28 U.S.C. §§ 1442. Accordingly, Defendants' Motion is not frivolous, and Plaintiff's assertions that the attorneys for the United States have lied to, deceived, or misinformed this Court are unfounded.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Sanctions (Doc. 13) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on May 26, 2017.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any